IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATT COMPTON,** et al.,

**Plaintiffs,**

v.

**HOME DEPOT U.S.A. INC.,**

**Defendant.**

**Case No. 17-2283-GLR**

## MEMORANDUM AND ORDER

Before the Court are three motions: Motion to Withdraw as counsel for Plaintiffs Matt and Shawna Compton, filed by Plaintiffs' attorney of record, Troy Unruh (ECF 21); Plaintiffs' Motion to Stay Case and Deadlines (ECF 25); and Defendant's Motion for Extension of Discovery Deadlines and Trial Date (ECF 29). All three motions stem from Plaintiffs' filing of bankruptcy. For the reasons set forth below, the Motion to Withdraw is denied without prejudice, the Motion to Stay Case and Deadlines is denied, and the Motion for Extension of Discovery Deadlines and Trial Date is granted.

### I.    Motion to Withdraw

"The withdrawal of appearance by an attorney is governed by D. Kan. Rule 83.5.5, which requires that a court authorize withdrawal if the client will be left without representation."[1] The rule specifies that an attorney seeking withdrawal must file a motion to withdraw that: (1) sets forth the reasons for the withdrawal; (2) advises the client that he or she is personally responsible for complying with court orders and procedural time lines; (3) advises the client of impending

---

[1] *Reynolds v. U.S.*, No. 14-2009-DDC-TJJ, 2014 WL 5025959, at *1 (D. Kan. Oct. 8, 2014).

deadlines; and (4) provides the Court with current contact information for the client.[2] The motion must be served on the client either by personal service or by certified mail, with return receipt requested.[3] The withdrawing attorney must also file proof of personal service of the motion to withdraw, or the certified mail receipt, signed by the client, or an affidavit indicating the client received a copy of the motion to withdraw.[4]

The Motion to Withdraw filed by counsel for Plaintiffs fails to comply with D. Kan. Rule 83.5.5. There is no indication that Plaintiffs have other counsel representing them in the present action. Mr. Unruh is the only attorney who has entered an appearance on their behalf. Although the motion says Plaintiffs have filed for bankruptcy and "intend to pursue this claim through that court with different counsel," no other attorney has entered an appearance on their behalf in this case. Nor does the Court find any indication that the trustee in bankruptcy indeed intends to enter an appearance as a substitute for Plaintiffs and pursue this case further. Because there is no showing that Plaintiffs in fact have other counsel who will represent them in this case, D. Kan. Rule 83.5.5(a) applies.

The motion sets forth Plaintiffs' bankruptcy filing as the reason for the proposed withdrawal. But it does not include any evidence that counsel advised Plaintiffs that they are personally responsible for complying with court orders or deadlines. Nor does it refer to any evidence that counsel has informed Plaintiffs of impending deadlines. It also fails to include any current contact information for Plaintiffs. Of further importance, it includes no proof of personal service, a signed certified mail receipt, or an affidavit to show that Plaintiffs have received a copy of the motion. "This requirement is more than a formality; it is a means for the Court to

---

[2] D. Kan. Rule 83.5.5(a)(1).

[3] D. Kan. Rule 83.5.5(a)(2).

[4] D. Kan. Rule 83.5.5(a)(4).

ensure that a party will not unknowingly be left in a civil lawsuit without representation."[5] The Court knows of no rule that authorizes counsel to simply file a paper to announce his withdrawal and thus abandon his clients upon a supposition that someone else, e.g. a trustee in bankruptcy, will fulfill his responsibilities to the Court, to his clients, and to opposing counsel.

Because the Motion to Withdraw fails to comply with D. Kan. Rule 83.5.5, the Court denies it without prejudice to a motion that fully complies with the requirements of the rules.

## II.    Motion to Stay Case and Deadlines

Without any cited authority, Plaintiffs' Motion to Stay Case and Deadlines says that "Plaintiffs have filed for Bankruptcy; as such an automatic stay should have been entered." It further refers to the Motion to Withdraw. But it provides no authority or reasoning for the requested stay.

The Bankruptcy Code includes a provision for an automatic stay of a judicial action once an action has been filed in bankruptcy court.[6] Specifically, it says a petition filed pursuant to the Bankruptcy Code operates as a stay of the continuation of a judicial action or proceeding "against the debtor" that was commenced before "the commencement of the case under this title . . . ."[7]

A bankruptcy court's decision as to an automatic stay is not controlled by the prior order of a state court.[8] However, the motion does not suggest that either party has sought an automatic

---

[5] *Reynolds v. U.S.*, No. 14-2009-DDC-TJJ, 2014 WL 5025959, at *2 (D. Kan. Oct. 8, 2014).

[6] *See generally* 11 U.S.C. § 362.

[7] 11 U.S.C. § 362(a)(1).

[8] *YRC, Inc. v. Motorcar Parts of Am., Inc.*, No. 14-2067-JTM, 2014 WL 2898052, at *1 (D. Kan. June 26, 2014). *See also J.E. Robert Co. v. Signature Properties, LLC*, No. X04HHDCV075026084S, 2011 WL 590350, at *2 (Conn. Super. Ct. Jan. 13, 2011) (finding the bankruptcy court, rather than the state court, must extend the automatic stay to non-debtor defendants); *In re Raboin*, 135 B.R. 682, 684 (D. Kan. 1991) (finding the bankruptcy court "has exclusive jurisdiction to determine the extent and effect of the stay, and the state court's ruling to the contrary does not bar the debtor's present motion.").

stay through the bankruptcy court. Further, district courts retain jurisdiction to determine whether the stay applies to litigation pending before them.[9] The Court is therefore prepared to rule on Plaintiffs' motion.

As a preliminary matter, it appears to the Court that Plaintiffs may not have standing to request a stay, if they are no longer the real party or parties in interest. "When a plaintiff to an action files bankruptcy, the cause of action becomes the property of the bankruptcy estate and the bankruptcy trustee becomes the real party in interest with authority to pursue the claim."[10] Plaintiffs filed this motion almost a month after they filed their bankruptcy action.[11] Defendant's motion for extension indicates this lawsuit has been listed as an asset of the bankruptcy estate.[12] Thus it appears Plaintiffs may no longer be the real parties in interest and no longer have authority to pursue their claim. Rather, the bankruptcy trustee would become the real party in interest. But as noted previously, no bankruptcy trustee has requested to enter appearance in place of Plaintiffs.

However, even if Plaintiffs do have standing, they have failed to provide the Court with any authority to support entry of a stay. Importantly, the automatic stay applies to a judicial action *against the debtor*.[13] But here it is the Plaintiffs who have filed the bankruptcy petition and are also pursuing this action before this Court. Consequently, this case is an action *by* the debtor, and not *against* the debtor. In general, "the filing of a bankruptcy petition does not stay

---

[9] *E³ Biofuels Mead, LLC v. QA3 Fin. Corp.*, 384 B.R. 580, 581 (D. Kan. 2008) (citations omitted).

[10] *Wilkerson v. Schirmer Engineering Corp.*, No. 04-cv-00258-WDM-MEH, 2009 WL 211488, at *2 (D. Colo. Jan. 28, 2009) (citing *Sender v. Simon*, 84 F.3d 1299, 1304–05 (10th Cir. 1996)); *see also* 11 U.S.C. § 541.

[11] *Compare* ECF 25 (filed on April 19, 2018), *with* ECF 26 (stating the bankruptcy case was filed on March 26, 2018).

[12] ECF 29 at 1–2.

[13] 11 U.S.C. § 362(a)(1).

actions against nondebtors."[14] The plain language of the statute suggests "the Code's automatic stay does not apply to judicial proceedings, such as this suit, that were *initiated by the debtor*."[15] The Bankruptcy Code "distinguishes actions against the debtor from actions by the debtor because actions by the debtor usually produce recovery for the estate (or leave its value unaffected)."[16] The automatic stay is essential to preventing creditors "from stealing a march on each other."[17] However, there is "no policy of preventing persons whom the bankrupt has sued from protecting their legal rights."[18]

Plaintiffs have failed to provide any authority to support their request that the present action be stayed because of their bankruptcy filing. The automatic stay provision provided in 11 U.S.C. § 362 does not apply, because it is an action initiated *by* the debtors, not an action *against* them. Therefore, the Motion to Stay Case and Deadlines is denied.

### III.    Motion for Extension of Discovery Deadlines and Trial Date

Finally, the Court considers Defendant's Motion for Extension of Discovery Deadlines and Trial Date. Defendant says many of the dates in the Scheduling Order have been "continued by agreement of the parties due to the plaintiffs' imminent bankruptcy filing." Plaintiffs are in agreement that the dates be extended, according to the motion.

Although the Court is denying the Motion to Withdraw and the Motion to Stay Case and Deadlines, which both serve as the basis for the motion for extension, the Court grants the

---

[14] *Krondes v. O'Boy*, 796 A.2d 625, 630 (Conn. App. Ct. 2002) (citations omitted).

[15] *Brown v. Armstrong*, 949 F.2d 1007, 1009–10 (8th Cir. 1991) (emphasis added) (citations omitted); *see also Merchants & Farmers Bank v. Hill*, 122 B.R. 539, 541 (E.D. Ark. 1990).

[16] *In the Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 976 (N.D. Ill. 1992).

[17] *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

[18] *Id.*

2e10b8c0

motion for extension for good cause. Defendant has a clear interest in protecting and defending its interests in the present action. The deadlines set forth in the Scheduling Order (ECF 13) will be extended for 60 days. The Court sets a telephone status conference on **August 2, 2018 at 1:15 p.m.** to discuss the status of the case and reset deadlines further as needed. The parties should call 1-888-363-4749, access number 8533057, for the conference.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Withdraw filed by Plaintiffs' counsel (ECF 21) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Case and Deadlines (ECF 25) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Discovery Deadlines and Trial Date (ECF 29) is **granted**, and a telephone status conference is set on **August 2, 2018 at 1:15 p.m.** The parties should call 1-888-363-4749, access number 8533057, for the conference.

**IT IS SO ORDERED.**

Dated June 13, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge